**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE ECHEVARRIA GUTIERREZ,

Petitioner,

v. Case No. 1:26-cv-03346-MIS-JHR

WARDEN, in his capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING EMERGENCY MOTION TO LIFT ORDER ENJOINING TRANSFER**

THIS MATTER is before the Court on Respondents' Emergency Motion to Lift Order Enjoining Transfer ("Emergency Motion"), ECF No. 7, filed October 16, 2026.

Briefly, Petitioner filed the underlying Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on October 5, 2026, alleging that his ongoing indefinite detention violated his Fifth Amendment Due Process rights as set forth in Zadvydas v. Davis, 533 U.S. 678 (2001). ECF No. 1. On October 6, 2026, the Court ordered Respondents to answer the Petition and show cause why relief should not be granted. ECF No. 4. In addition, the Court noted "[t]he Government is

prohibited from transferring or removing Petitioner from the District of New Mexico while this case remains pending, absent a final order of removal." Id. On October 16, 2026, Respondents filed both a Response to the Petition ("Response"), ECF No. 6, and the Emergency Motion, ECF No. 7.

Although Petitioner's removal order is administratively final, see generally ECF No. 6-4, and thus the Court's Order would not bar Petitioner's removal, the Respondents state in the Emergency Motion that Petitioner is scheduled to be removed from the United States on October 22, 2026, and request the Court lift the prohibition on removing the Petitioner solely for the purposes of completing his removal. ECF No. 7 at 1 (citing ECF No. 6-5 ("Declaration of Emmanuel Espinal") (setting forth the United States Department of Homeland Security's ("DHS") travel plans). Respondents state further in their Response that "DHS has advised that it will not remove Petitioner unless and until the Court lifts the no transfer order currently in place in this matter." ECF No. 6 at 2.

The Court finds that Respondents have provided evidence of concrete travel plans to remove Petitioner and therefore **GRANTS** the Emergency Motion. It is **HEREBY ORDERED** that:

1. The Court lifts the October 6, 2026, Order prohibiting the transfer of the Petitioner outside of the District of New Mexico through October 26, 2026, for the sole purpose of removing the Petitioner as set forth in the Emergency Motion; and

2. Respondents shall file a status report on October 26, 2026, regarding Petitioner's removal.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE